**Ferd ALLEN et al., Appellants,**

v.

**Paul B. JOHNSON, individually and as Governor and State Election Commissioner of the State of Mississippi, et al., Appellees.**

**No. 24314.**

United States Court of Appeals
Fifth Circuit.

July 25, 1969.

Denison Ray, Robert B. Fitzpatrick, Jackson, Miss., for appellants, by Elliott Lichtman, Jackson, Miss.

Will S. Wells, Asst. Atty. Gen., Jackson, Miss., for appellees.

Before JOHN R. BROWN, Chief Judge, RIVES and TUTTLE *, Senior Circuit Judges, WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON and CLAYTON **, Circuit Judges.

PER CURIAM:

In this attack [1] on Mississippi's process of selecting County Election Commissioners pursuant to §§ 3204, 3205 and 3242 of the Mississippi Code of 1942, which provide for the appointment of the County Commissioners by a state statutory commission made up of the Governor, the Secretary of State, and the Attorney General of Mississippi, the appellants asserted that they were deprived of their rights to participate fully at all levels of the election process in the State of Mississippi as guaranteed by the Fourteenth and Fifteenth Amendments, by 42 U.S. C.A. § 1971, and by the Voting Rights Act of 1965 primarily because in the his-

---

* Subsequent to the hearing en banc of this case, Judge Tuttle became a Senior Judge. 28 U.S.C.A. § 371. At the time this case was considered and determined on hearing en banc, he was a member in regular active service of the Court and is thus qualified under 28 U.S.C.A. § 46 (c) to be a member of the Court on this case. Fifth Circuit Rule 12. See Price v. Wirtz, 5 Cir., 1969, 412 F.2d 647.

** Judge Clayton, since deceased, heard the arguments in this case but did not participate in this decision.

1. See our former opinion, Allen v. Johnson, 5 Cir., 1968, 391 F.2d 527, on the qualification of Judge Rives, Senior Judge to participate in the en banc determination of this case.

tory of this mechanism no Negro had ever been appointed to be a County Election Commissioner.

Appellants filed their complaint in October 1966. Their motion for preliminary injunction was overruled, the District Court dismissed the complaint, and they promptly appealed. Subsequently, in 1967, this Court, after a panel had heard arguments on the merits, on its own motion ordered the case to be argued and submitted to the Court en banc in January 1968. Since that time many things have occurred.

After the hearing en banc the Court was advised of the passage in March 1968 of Mississippi House Bill 109 amending the attacked sections of the Mississippi Code. This changed the selection from an appointive to an elective process. In April 1968, the State moved the Court to dismiss the appeal as moot due to the passage of H.B. 109. The Court called for full briefs on this point. Appellants opposed this motion on the grounds (a) that H.B. 109 was ineffective for failure of Mississippi to comply with § 5 of the 1965 Voting Rights Act [2] by submitting H.B. 109 for approval to the United States Attorney General or the District Court for the District of Columbia and (b) that H.B. 109 violates the Fourteenth and Fifteenth Amendments to the United States Constitution.

During the consideration of these questons, four cases were appealed [3] to the United States Supreme Court, and when the Supreme Court took the question of jurisdiction with the merits, this Court postponed determination in the present case. When the consolidated opinion in these cases was announced in March 1969,[4] this Court again called for additional briefs in the light of the Supreme Court opinion. In response to specific inquiries from the Court concerning the Supreme Court's decision, § 5, and the necessity for a 3-Judge Court determination, the Appellants stated categorically:

"If within fifteen days the state submits House Bill 109 for approval, then this Court should properly await the decision of the Attorney General of the United States. If he should approve the Bill, then this cause is clearly moot as the amended statute will be in full force and effect."

Appellants' Supplemental Memorandum at 9 (March 28, 1969).

2. " § 1973c. Alteration of voting qualifications and procedures; action by state or political subdivision for declaratory judgment of no denial or abridgement of voting rights; three-judge district court; appeal to Supreme Court.

Whenever a State or political subdivision with respect to which the prohibitions set forth in section 1973b(a) of this title are in effect shall enact or seek to administer any voting qualification or prerequisite to voting, or standard, practice, or procedure with respect to voting different from that in force or effect on November 1, 1964, such State or subdivision may institute an action in the United States District Court for the District of Columbia for a declaratory judgment that such qualification, prerequisite, standard, practice, or procedure does not have the purpose and will not have the effect of denying or abridging the right to vote on account of race or color, and unless and until the court enters such judgment no person shall be denied the right to vote for failure to comply with such qualification, prerequisite, stand-ard, practice, or procedure: *Provided,* That such qualification, prerequisite, stàndard, practice, or procedure may be enforced without such proceeding if the qualification, prerequisite, standard, practice, or procedure has been submitted by the chief legal officer or other appropriate official of such State or subdivision to the Attorney General and the Attorney General has not interposed an objection within sixty days after such submission, except that neither the Attorney General's failure to object nor a declaratory judgment entered under this section shall bar a subsequent action to enjoin enforcement of such qualification, prerequisite, standard, practice, or procedure."

42 U.S.C.A. § 1973c.

3. Allen v. State Bd. of Elections, No. 661; Fairley v. Patterson, No. 1058 Bunton v. Patterson, No. 1059; Whitley v. Williams, No. 1174, 392 U.S. 902, 88 S.Ct. 2052, 20 L.Ed.2d 1361 (1968).

4. Allen v. State Bd. of Elections, 1969, 393 U.S. 544, 89 S.Ct. 817, 22 L.Ed.2d 1.

On March 24, 1969, the State of Mississippi formally submitted the provisions of amended §§ 3204, 3205 and 3242 (along with the statutes involved in *Allen, supra,* note 4) to the Attorney General of the United States for his approval. On May 21, 1969, the Attorney General expressly approved the provisions of amended §§ 3204, 3205 and 3242, while disapproving the other statutes not here involved.[5]

Despite the earlier statement by Appellants, the Court again called for briefs and their previous position was expressly reiterated.[6]

By virtue of this approval the statutes under attack in this cause have been superseded by the amendments of March 28, 1968. Accordingly, this case has become moot and the appeal must be dismissed "because this Court cannot be called upon 'to decide arguments after events have put them to rest' * * *." Troy State University v. Dickey, 5 Cir., 1968, 402 F.2d 515, 516, quoting Doremus v. Board of Education, 1952, 342 U.S. 429, 433, 72 S.Ct. 394, 396, 96 L.Ed. 475, 479. "Where an appeal is dismissed by reason of mootness, the appellate court is to vacate the decision below and direct that it be dismissed for mootness, so that it will spawn no legal consequences." Lebus v. Seafarers' International Union, 5 Cir., 1968, 398 F.2d 281, 283.[7]

The judgment below is vacated and the case remanded to the District Court with directions to dismiss the proceedings as moot.

Vacated, remanded with directions.

---

5. "We have carefully examined and considered each of the submitted amendments. The Attorney General interposes no objections to the implementation of Sections 3204, 3205 and 3242 of the Mississippi Code as amended on March 28, 1968. However, as provided for by Section 5 of the Voting Rights Act, the Attorney General's failure to interpose any objections will not bar an action to enjoin enforcement of those amendments should subsequently they appear to have had a racially discriminatory purpose or effect."
Letter from Jerris Leonard, Assistant Attorney General, to Honorable A. F. Summer, Attorney General of Mississippi, May 21, 1969.

6. "Appellants stated in their supplemental memorandum filed with the Court under date of March 28, 1969, on page 9, that if House Bill 109 (which contains amendments to Sections 3204, 3205 and 3242 of the Mississippi Code) was submitted to the Attorney General of the United States for review pursuant to Section 5 of the Voting Rights Act of 1965 and said Bill was approved by the Attorney General of the United States, this cause would be clearly moot. In that earlier memorandum appellants abandoned their constitutional claims. It is appellants' understanding that the State of Mississippi did submit House Bill 109 to the Attorney General of the United States and that said bill has been approved by the Attorney General. Therefore, appellants having earlier abandoned their constitutional claims and the amendments

to Section 3204, 3205 and 3242 now being in full force and effect, it is appellants' view that this cause is moot."
Appellants' Supplemental memorandum (June 13, 1969).

7. In *Lebus,* quoting from United States v. Munsingwear, Inc., 1950, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36, we noted:
"'The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to *reverse or vacate the judgment below and remand with a direction to dismiss.* That was said in Duke Power Co. v. Greenwood County, 299 U.S. 259, 267, 57 S.Ct. 202, 205, 81 L.Ed. 178 [182], to be "the duty of the appellate court." * * * Our supervisory power * * * is commonly utilized in precisely this situation to prevent a judgment, *unreviewable because of mootness, from spawning any legal consequences.*' 340 U.S. 36, 39–41, 71 S.Ct. 104, 106–107, 95 L.Ed. 36, 41–42 (Emphasis added); A. L. Mechling Barge Lines, Inc. v. United States and Interstate Commerce Commission, 1961, 368 U.S. 324, 329–330, 82 S.Ct. 337, 340–341, 7 L.Ed. 2d 317, 321–322; J. Aron & Co. v. Mississippi Shipping Co., Inc., 1959, 361 U.S. 115, 80 S.Ct. 212, 4 L.Ed.2d 148, 238, 1960 A.M.C. 247; St. Louis-San Francisco Railway Co. v. Railroad Yardmasters of America, 5 Cir., 1965, 347 F.2d 983, 984."
Lebus v. Seafarers' International Union, *supra* at 283 n. 6.