**UNITED STATES of America, Appellant,**

v.

**GREENWOOD MUNICIPAL SEPARATE SCHOOL DISTRICT et al., Appellees and Cross Appellants.**

**No. 28690.**

United States Court of Appeals, Fifth Circuit.

Jan. 8, 1970.

---

Kent Spriggs, North Mississippi Rural Legal Services, Oxford, Miss., Alix Sanders, John McCreery, Greenwood, Miss., for appellant.

Hardy Lott, Greenwood, Miss., H. M. Ray, Oxford, Miss., Jerris Leonard, Asst. Atty. Gen., Civil Rights Div., U. S. Dept. of Justice, Washington, D. C., for appellees.

---

1. Section 4207, Title 18, U.S.C.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

On remand of our decision in United States v. Greenwood Municipal Separate School District et al., 5 Cir. February 4, 1969, 406 F.2d 1086, the board proposed a zoning plan coinciding with the major divisions of the white and Negro residential areas. After hearing thereon the district court set a further hearing for July 31, 1969, and required the U. S. Department of Health, Education and Welfare to study the plan and suggest amendments thereto. The district court's order of August 1, 1969, adopted some of the zone lines fixed by the board plan and some of the changes recommended by HEW. The board presented a motion for supplemental relief which was granted in part by the court's order of September 3, 1969. The effective date of five attendance zones for elementary schools, grades 1–8, was postponed until the beginning of the 1970–71 school year. The court permitted retaining a free choice for grades 1–8 and grade 12 for the current year. As to faculty desegregation the court required that one-sixth of the teachers be assigned across racial lines in 1969 and that by the opening of school in the fall of 1970 faculties not be racially identifiable. Both the government and the school board have appealed.[1]

The motion of the United States for summary reversal is granted. Neither the district court's order approving the plan nor the plan itself may stand in the face of recent supervening changes in governing law. Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19; United States v. Hinds County Board, 5 Cir. 1969, 417 F.2d 852, and Singleton v. Jackson Municipal Separate School System (and consolidated cases en banc), 419 F.2d 1211 (Dec. 1, 1969), mandate that "effective immediately * * * school districts * * * may no longer operate a dual school system based on race or color," and that they must "begin immediately to operate as unitary school systems within which no person is to be effectively excluded from any school because of race or color." As this Court said in *Singleton,* "the tenor of the decision in Alexander v. Holmes County is to shift the burden from the standpoint of time for converting to unitary school systems. The shift is from a status of litigation to one of unitary operation pending litigation."

The record before us demonstrates (1) that freedom of choice, as operating, is not acceptable, and (2) that the attendance zones as presently approved require revision in the light of the cases cited above. The decision of the district court of August 1, 1969, as amended September 3, 1969, is reversed and the cause is remanded with directions to the district court to comply at once with the requirements of Singleton v. Jackson, supra.

The district court is further directed to comply with all terms, provisions, and conditions in Singleton v. Jackson, supra, Parts I and III, except for the following: (1) A new plan for student desegregation shall be filed with the district court not later than January 15, 1970, (2) the school board is to be directed to take such preliminary steps as may be necessary to prepare for complete student desegregation by February 1, 1970, in accordance with the order of the Supreme Court in Carter v. West Feliciana Parish School Board, 1969, 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 474 in the event student desegregation by February 1, 1970 is required by the Supreme Court.

The mandate in this cause shall issue forthwith. No stay will be granted

---

1. A group of Negro citizens attempting to intervene in the court below were denied permission. That ruling is the basis of a separate appeal. The appellants' motion for summary reversal thereof was denied by this Court on December 10, 1969. The appeal of these proposed intervenors may be separately briefed, argued and decided and must not be permitted to delay further consideration of the merits of the case either here or in the court below.

pending petition for rehearing, or application for certiorari.

Reversed and remanded with directions.