**Rebecca E. HENRY et al., Plaintiffs-Appellants-Cross-Appellees,**

v.

**The CLARKSDALE MUNICIPAL SEPARATE SCHOOL DISTRICT et al., Defendants-Appellees-Cross-Appellants.**

**No. 29165.**

United States Court of Appeals, Fifth Circuit.

April 15, 1970.

Melvyn R. Leventhal, Reuben V. Anderson, Fred L. Banks, Jr., Jackson, Miss., for plaintiffs-appellants-cross-appellees.

Other interested parties: Jerris Leonard, Asst. Atty. Gen., U. S. Dept. of Justice, Washington, D. C., Jack Greenberg, Norman Chachkin, New York City.

Semmes Luckett, Leon L. Porter, Jr., Clarksdale, Miss., Hardy Lott, Greenwood, Miss., for defendants-appellees-cross-appellants.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

BY THE COURT.

Both the Negro plaintiffs and the defendant School District have appealed from the district court's order of January 10, 1970. The appellants (plaintiffs below) moved for summary reversal of the district court's January 10 order,

and the school authorities have filed their response to such motion.

The district court's order of January 10 disapproved the Board plan (essentially and without significant variance the same plan disapproved by us in our last contact with this complicated school desegregation case in Henry v. Clarksdale Municipal Separate School District, 5 Cir. 1969, 409 F.2d 682). The January 10 order also disapproved the plan submitted by the United States Department of Health, Education and Welfare.

In a separate January 10, 1970 order the district court appointed a Special Master and referred to him "the task of aiding the court to develop a new student desegregation plan applicable to all 12 grades of the Clarksdale Municipal Separate School District, effective for the school year beginning September 1970 and thereafter. Said plan must produce a unitary school system in which no child is effectively excluded from attending any school because of his race or color; and, to be constitutional, the plan must provide for no schools attended solely by Negro students and no formerly all-white schools attended only by a small number of Negro students; that is, there must not be 'white' schools or 'Negro' schools, but just schools".

The Master was directed to determine and recommend to the court, *inter alia,* the following: What should be the organizational structure of the Clarksdale school system, the proper utilization of existing high school and junior high school buildings and the grade or grades to be assigned and constituted therein, and in what manner students should be assigned in the various elementary schools in order to accomplish student desegregation. The Master was delegated all the power prescribed by Rule 53(c), F.R.Civ.P. His report was directed to be filed in triplicate with the clerk of the district court by March 1, 1970, unless, for good cause shown, extension be granted by the district court.

We are advised that following an extension of the March 1 deadline to March 10, the Master filed his report on the latter date, and that the court allowed the parties to and including April 10 to file exceptions to said report.

In consideration of the foregoing, and pursuant to the authority contained in Title 28, U.S.C.A., Section 2106, we defer disposition of the motion for summary reversal and of the appeal and cross-appeal and direct the district court to take the following action within thirty (30) days from the date of this order:

1. Conduct a hearing upon the Special Master's report and the exceptions thereto;

2. Make and file its findings of fact and conclusions of law based thereon;

3. File a supplemental record with this Court containing the Special Master's report, the exceptions thereto and the district court's findings of fact, conclusions of law and any order entered thereon.

Jurisdiction of the appeal and cross-appeal is retained in this Court during the limited remand for the purposes herein stated.

Remanded for further proceedings consistent herewith.