**Walter DORIS et al., Plaintiffs-Appellants,**

v.

**MONTGOMERY COUNTY BOARD OF EDUCATION et al., Defendants-Appellees.**

**Walter DORIS et al., Proposed Intervenors-Appellants,**

v.

**UNITED STATES of America, Plaintiff-Appellee,**

and

**Montgomery County Board of Education et al., Defendants-Appellees.**

Nos. 29125, 29126.

United States Court of Appeals, Fifth Circuit.

May 8, 1970.

John L. Maxey, II, Holly Springs, Miss., Kent Spriggs, Oxford, Miss., John McCreery, Alix Sanders, Greenwood, Miss., for plaintiffs-appellants.

Murray William, Water Valley, Miss., Will S. Wells, Asst. Atty. Gen., Jackson, Miss., H. M. Ray, U. S. Atty., Oxford, Miss., for defendants-appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

We dispose of these cases as extraordinary matters. Rule 2, F.R.A.P.

No. 29126 is an appeal from the denial by the District Court of a petition to intervene in a school desegregation case brought by the Attorney General under 42 U.S.C. § 2000c-6.

The District Judge denied the petition, stating that he expected the issue of the propriety of intervention to be controlled by the decision in one of the Greenwood, Mississippi, cases then on appeal to this court,[1] and if that decision indicated that intervention was proper he would, on his own motion, reconsider his ruling. Thus he did not reach the issue of whether the appellants were entitled to permissive intervention under Rule 24(b) (2), Fed.R.Civ.P., or the question under Rule 24(a) (2) of adequacy of representation by the United States.

It now appears that the guidance the District Judge expected to receive will not be forthcoming. The appeal to which he referred was dismissed on motion of the appellants on March 20, 1970.

The merits of school desegregation in Montgomery County are not before us, only the intervention issue. The merits have remained in status quo in the District Court. In the interests of all concerned the case is remanded to the District Court. That court shall promptly conduct an evidentiary hearing and determine if the Montgomery County system is now a unitary system under current standards for school desegregation, and if the system is not unitary the court shall, no later than July 1, 1970, enter such orders as are necessary to convert it to a unitary system effective with the school term commencing in

---

1. In United States v. Greenwood Municipal Separate School District, 422 F.2d 1250 [5th Cir., 1970] this court, in footnote 1, had pointed out the existence of the intervention issue, and that it was to be separately briefed, argued, and decided.

the fall of 1970. The District Court shall reconsider the petition to intervene and enter appropriate findings and orders thereon, and if it denies the petition it should consider whether to allow the appellants to appear as amicus curiae.

No. 29125 is a separate plenary suit in which the same class of parents asserted the same substantive matters as in the petition to intervene and sought a temporary injunction against the school board. The District Judge dismissed the suit on the ground that the subject matter was embraced in the action in which intervention was sought (now No. 29126 in this court) and that the desegregation order already entered had dealt with the matters raised. This case also is remanded to the District Court so that the court can take whatever action thereon it considers proper, bearing in mind its actions in No. 29126.

Remanded to the District Court.