**UNITED STATES of America, Plaintiff-Appellant,**

**Lilly Russell et al., Plaintiffs-Appellants,**

v.

**GREENWOOD MUNICIPAL SEPARATE SCHOOL DISTRICT et al., Defendants-Appellees.**

**No. 29637.**

United States Court of Appeals, Fifth Circuit.

Jan. 12, 1972.

John McCreery, Alix Sanders, James Lewis, Greenwood, Miss., Jerris Leonard, Asst. Atty., Gen., Joseph B. Scott, Atty., Dept. of Justice, Civil Rights Div., H. M. Ray, U. S. Atty., David L. Norman, Deputy Asst. Atty. Gen., Brian K. Landsberg, Washington, D. C., for plaintiffs-appellants.

Hardy Lott, Greenwood, Miss., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, CLARK, INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

A panel of this Court, one Judge dissenting, remanded this case with directions that the defendant school board be ordered to reinstate in teaching positions for the 1971–1972 school year the seven black teachers who were dismissed for their refusal to accept teaching positions in the black schools, United States v. Greenwood Municipal Separate School District, 5 Cir., 1971, 444 F.2d 544. The

Court subsequently ordered that the case be reheard en banc.

Subsequent to the order directing that the case be reheard en banc, it has been made known to the Court that the dismissed teachers were offered reinstatement and failed to accept it. There is thus no issue left to be litigated and as to reinstatement the appeal should be dismissed as moot, Troy State University v. Dickey, 5 Cir., 1968, 402 F.2d 515, 516, quoting Doremus v. Board of Education, 342 U.S. 429, 433, 72 S.Ct. 394, 96 L.Ed. 475 (1952). See, also, Sears, Roebuck and Company v. Carpet, Linoleum, Soft Tile and Resilient Floor Covering Layers, Local Union No. 419, AFL–CIO, 397 U.S. 655, 90 S.Ct. 1299, 25 L.Ed.2d 637 (1970); Allen v. Johnson, 5 Cir., 1969, 413 F.2d 1218, 1220 (en banc).

Therefore, that part of the panel decision reported at 444 F.2d 544, *supra,* is hereby vacated and that aspect of the appeal is dismissed for mootness so that it will spawn no legal consequences. Allen v. Johnson, *supra,* 413 F.2d at 1220.

So ordered.