No. 71–6125. ROACH *v.* UNITED STATES. C. A. 5th Cir. Certiorari denied. 

MR. JUSTICE DOUGLAS, dissenting.

I would grant the petition for a writ of certiorari and either reverse out of hand or put the case down for argument.

By a 1903 treaty the United States obtained a corridor across the Republic of Panama from the Caribbean to the Pacific. 33 Stat. 2234. But Art. VI of the treaty provided that the grants to the United States shall not "interfere with the rights of way over the public roads passing through the said zone . . . unless said rights of way or private rights shall conflict with rights herein granted to the United States in which case the rights of the United States shall be superior." 33 Stat. 2235; 3 Canal Zone Code 431.

Petitioner is a Panamanian who has been operating buses in Panama for 23 years. His license to operate was granted by the Republic of Panama and his area of operation begins and ends in the Republic of Panama. Under a reciprocal agreement between the Canal Zone and Panama any motor vehicle inspected in Panama will be accepted in the Canal Zone and *vice versa.*

The public road traveled by petitioner crosses the Canal Zone, and his operations in no way conflict with any rights "granted to the United States" under the 1903 treaty.

The Canal Zone authorities decided to give all cross-Canal Zone public transportation to one Delaware corporation. The necessity of the Delaware corporation's meeting minimum wage requirements was said to be the reason. No hearings, however, were held. The petitioner and the other "indigents" were given no notice and no opportunity to be heard. They were driven out of business by the *ipse dixit* of the Governor and petitioner stands criminally convicted. Petitioner is no fly-by-night operator. He operated 15 buses and employed 30 people and was in this business for 23 years. His crossing of the Canal Zone is guaranteed by the 1903 treaty; and though one agrees, *arguendo*, that the right may be regulated as to times and circumstances, there is no defensible reason given why a person should be driven out of business with no chance to be heard.

The Canal Zone has a Bill of Rights, much of it taken almost word for word from our first Eight Amendments. 1 Canal Zone Code, Tit. 1, c. 3, § 31. One guarantee is that "[a] person may not be . . . deprived of life, liberty, or property without due process of law." § 31 (5)(C). We enacted such a Bill of Rights for the Philippines and when it came for review here this Court said:

> "When Congress came to pass the act of July 1, 1902, it enacted, almost in the language of the President's instructions, the Bill of Rights of our Constitution. In view of the expressed declaration of the President, followed by the action of Congress, both adopting, with little alteration, the provisions of the Bill of Rights, there would seem to be no room for argument that in this form it was intended to carry to the Philippine Islands those principles of our Government which the President

declared to be established as rules of law for the maintenance of individual freedom, at the same time expressing regret that the inhabitants of the islands had not theretofore enjoyed their benefit.

"How can it be successfully maintained that these expressions of fundamental rights, which have been the subject of frequent adjudication in the courts of this country, and the maintenance of which has been ever deemed essential to our Government, could be used by Congress in any other sense than that which has been placed upon them in construing the instrument from which they were taken?" *Kepner* v. *United States,* 195 U. S. 100, 124.

That is the approach we should take here.

Procedural due process, for example, may not be necessary before food unfit for human use is seized. See *North American Storage Co.* v. *Chicago,* 211 U. S. 306. But barring the need for quick, expeditious action, the amenities of notice and hearing are required whether discharge from public employment be at issue, *Slochower* v. *Board of Education,* 350 U. S. 551; denial of a tax exemption, *Speiser* v. *Randall,* 357 U. S. 513; disqualification for unemployment compensation, *Sherbert* v. *Verner,* 374 U. S. 398; or the termination of welfare benefits, *Goldberg* v. *Kelly,* 397 U. S. 254, 263–265.

The honor of this Nation, as well as the livelihood of this petitioner, is at stake here. We grant Panamanians a Bill of Rights and dishonor it. The imperialistic, colonial attitude of our administration in the Canal Zone is notorious. But the "natives" are entitled to the same due process which we grant our own citizens.

I see no reason why we should not reverse this judgment out of hand. The least we can do is to set the case for argument.