**UNITED STATES of America,
Plaintiff,**

v.

**GREENWOOD MUNICIPAL SEPARATE
SCHOOL DISTRICT et al., Defendants.**

**Lilly RUSSELL et al., Plaintiffs-
Appellants,**

v.

**GREENWOOD MUNICIPAL SEPARATE
SCHOOL DISTRICT et al., Defendants-
Appellees.**

No. 71-2773.

United States Court of Appeals,
Fifth Circuit.

April 11, 1972.

Rehearing and Rehearing En Banc
Denied June 1, 1972.

See also 5 Cir., 454 F.2d 282.

1. Industrial Electronics Corp. v. Cline, 330 F.2d 480, 483 (3d Cir. 1964).

Alix H. Sanders, Oxford, Miss., David L. Norman, Asst. Atty. Gen., John Brittain, Ben Krage, John R. Scott, Brian K. Landsberg, Thomas M. Keeling, Attys., Dept. of Justice, Washington, D. C., H. M. Ray, U. S. Atty., Oxford, Miss., for plaintiffs-appellants.

Hardy Lott, Greenwood, Miss., for defendants-appellees.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Once more we are called upon to deal with the desegregation problems of the Greenwood Municipal Separate School District.[1] Pursuant to our remand of June 29, 1971, 445 F.2d 388, 389, for the entry of an order requiring the implementation of a plan complying with former decisions of this Court and with the principles established in Swann v. Charlotte-Mecklenburg Board of Education, 1971, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554, the district court ordered the school district to provide free bus transportation to students who elect, on an individual basis, to change schools under the majority-to-minority transfer provision[2] of the District's court-ordered desegregation plan. With respect to elementary students who, in accordance with the desegregation plan, were placed in noncontiguous school zones and required to attend school outside their neighborhoods, the lower court declined to require the school district to provide free transportation. The plaintiffs have appealed from the district court's refusal to order free bus transportation for the latter class of students.[3]

On this appeal, the Negro plaintiffs contend that the failure of the district court to order free transportation for those elementary students placed in noncontiguous zones will require black students transferred to the previously all-white Bankston School to walk two miles each way, across the main lines of the Illinois Central Railroad, through the central business district, across the Yazoo River, and along a main thoroughfare for one-half mile. The school district responds by arguing that the provision of free transportation is merely a matter of convenience for the black elementary students involved, that these black students have no constitutional claim to free transportation, that the school district has never furnished transportation to students who reside within the corporate limits of Greenwood, and that the school district is without funds to provide the requested transportation. The lower court, in addition to giving reasons for its decision essentially similar to those advanced by the school district on this appeal, observed that this court has previously required the provision of free transportation to students who elected to change schools under a majority-to-minority transfer plan but that we have never heretofore directed a school district to provide free transportation for children

---

1. In chronological order we have dealt with this District's problems in the following cases: United States v. Greenwood Municipal Separate School District, 5 Cir. 1969, 406 F.2d 1086, cert. denied 1969, 395 U.S. 907, 89 S.Ct. 1749, 23 L.Ed.2d 220; United States v. Greenwood Municipal Separate School District, 5 Cir. 1970, 422 F.2d 1250; Russell v. Greenwood Municipal Separate School District, 5 Cir., 1971, 445 F.2d 388; United States v. Greenwood Municipal Separate School District, 5 Cir., 1971, 444 F.2d 544, vacated as moot by en banc Court, 454 F.2d

282 (1972). The desegregation suit was originally instituted by the United States in July, 1966.

2. This provision entitles a student to transfer from a school in which his or her race is in the majority to a facility in which his or her race is in the minority.

3. The United States as a party to this case did not initiate the motion involved in this appeal, but did participate in the lower court's proceedings and has filed an amicus curiae brief with this Court.

placed in noncontiguous zones who go to schools outside their neighborhoods.

In Swann v. Charlotte-Mecklenburg Board of Education, supra, the Supreme Court explicitly held that a school district which elects to utilize a majority-to-minority transfer plan as a desegregation tool *must* provide free transportation to each student making a transfer under the plan. 402 U.S. at 26, 27, 91 S.Ct. at 1281, 28 L.Ed.2d at 572, 573. In discussing the pairing and noncontiguous zoning techniques ordered by the trial court in *Swann,* the Supreme Court approved the trial court's direction to the educational authorities that bus transportation be used to implement these techniques:

> "In these circumstances, we find no basis for holding that the local school authorities may not be required to employ bus transportation as one tool of school desegregation. Desegregation plans cannot be limited to the walk-in school." 402 U.S. at 30, 91 S. Ct. at 1283, 28 L.Ed.2d at 575.

The plaintiffs and the United States are not in agreement as to the appropriate disposition of this case. The plaintiffs urge us to direct the district court to order the school district to provide free bus transportation to the elementary students placed in noncontiguous attendance zones. The United States asks us to remand the cause to the district court with instructions "to permit the parties to present evidence as to the transportation needs of students and the ability of the school district to meet those needs, and to make full findings of fact or opinion and findings."

We have again reviewed the extensive record in this proceeding and conclude that it is unnecessary to remand the cause to the district court for the hearing and findings suggested by the United States. It is implicit in the decisions of the Supreme Court and of this court that it is the responsibility of school officials to take whatever remedial steps are necessary to disestablish the dual school system, including the provision of free bus transportation to students required to attend schools outside their neighborhoods. The black elementary students who were refused free transportation by the district court's order are victims of the remnants of the dual system of schools which existed for so long under the requirements of Mississippi constitutional and statutory provisions. No legitimate reason is put forth for forcing them and their parents to shoulder the burden of eliminating these vestiges of segregated schools in the circumstances present here.

The judgment of the district court, insofar as it refused free transportation to elementary students zoned noncontiguously to attend school outside their neighborhoods, is reversed and the cause is remanded with directions that the district court without delay require the school district to provide such transportation to the affected elementary students.

Let our mandate issue at once.

Reversed and remanded with directions.

COLEMAN, Circuit Judge, dissents.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied. See Norfolk School Board v. Brewer, 406 U.S. 933, 92 S.Ct. 1778, 32 L.Ed.2d 136, denying certiorari in Brewer v. Norfolk School Board, 4 Cir. (en banc) decided March 7, 1972, 456 F.2d 943. The Fourth Circuit en banc held that a school district as part of a desegregation plan must provide a practical method of affording free busing for students assigned to schools beyond normal walking distance of their homes.