Rebecca E. **HENRY** et al., Plaintiffs-Appellees,

v.

The **CLARKSDALE MUNICIPAL SEPARATE SCHOOL DISTRICT** et al., Defendants-Appellants.

No. 72–3283.

United States Court of Appeals, Fifth Circuit.

June 22, 1973.

584

Semmes Luckett, Clarksdale, Miss., for defendants-appellants.

Melvyn R. Leventhal, Jackson, Miss., Jack Greenberg, New York City, David Norman, Asst. Atty. Gen., Civil Rights Div., U. S. Dept. of Justice, Washington, D. C., for plaintiffs-appellees.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

After much litigation, including numerous appeals to this Court, Henry v. Clarksdale Municipal Separate School District, 5 Cir. 1969, 409 F.2d 682, cert. denied, 396 U.S. 940, 90 S.Ct. 375, 24 L.Ed.2d 242 (Clarksdale I); Henry v. Clarksdale Municipal Separate School District, 5 Cir. 1970, 425 F.2d 698 (Clarksdale II); and Henry v. Clarksdale Municipal Separate School District, 5 Cir. 1970, 433 F.2d 387 (Clarksdale III), the defendants agreed to adopt any plan which the plaintiffs might select, and the district court approve, designed to bring about a unitary nonracial school system. As a result, a desegregation plan commencing with the 1971–1972 school year was proposed and adopted by the district court. This plan includes the assignment of elementary school pupils to schools located outside of both their home and adjacent-to-home zones.

In July 1972, the district judge, relying on United States v. Greenwood Municipal Separate School District, 5 Cir. 1972, 460 F.2d 1205, granted plain-

tiffs' request to have transportation provided to those students living more than one and one-half miles from their assigned schools and denied defendants' request to minimize the transportation requirements that would be involved by making certain alterations to the existing plan. Defendants contend our decisions in Cisneros v. Corpus Christi Independent School District, 5 Cir. en banc 1972, 467 F.2d 142, and United States v. Texas Education Agency, 5 Cir. en banc 1972, 467 F.2d 848, make *Greenwood*, supra, inoperative in the situation at bar at least to the extent relied on by the district judge. We affirm.

We had previously struck down the neighborhood school concept as it applied in Clarksdale, *Clarksdale* I and III and agree with the court below that defendants' proposal to minimize transportation would result in a regression to those earlier stages which this Court has found to be wanting. Enrollment at the formerly all-white Kirkpatrick elementary school would change from 90 white and 118 black students at present to a projected enrollment of 90 white and only 3 black students. Further, many black students, perhaps as many as 115, would be reassigned from schools situated in the predominantly white neighborhoods north of the Illinois Central Railroad tracks, see *Clarksdale I*, supra, 409 F.2d at 685–686, back to formerly all-black schools south of the tracks in the largely black neighborhood. *Cisneros*, supra, and *Texas Education Agency*, supra, do not authorize the resegregation of schools nor do they affect *Greenwood's* requirement that school officials take whatever remedial steps are necessary to disestablish the dual school system, "including the provision of free bus transportation to students required to attend schools outside their neighborhoods", 460 F.2d at 1207. The district judge was correct in concluding defendants' proposals are "not

permissible in the present state of this case" and that *Cisneros,* supra, and *Texas Education Agency,* supra, do not support a conclusion to the contrary.

■ Plaintiffs' request for attorneys' fees under Section 718 of the Education Amendments Act of 1972 must be granted in the absence of special circumstances upon "the entry of a final order". Johnson v. Combs, 5 Cir. 1972, 471 F.2d 84. Under the teachings of *Johnson,* Section 718 is not to be applied retroactively "to the expenses incurred during the years of litigation prior to its enactment", 471 F.2d at 86–87. As to the period since the effective date of Section 718, July 1, 1972, attorneys' fees must be awarded "unless special circumstances render such an award unjust." [1] Newman v. Piggie Park Enterprises, Inc., 1968, 390 U.S. 400, 401, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263.

■ In order to recover attorneys' fees for the years of prior litigation of this case before the district court and before this Court, the appellees will have to demonstrate to the trial court and the trial court must find that the appellant school board during those years acted in an "unreasonable and obdurately obstinate" manner. See Williams v. Kimbrough, 5 Cir. 1969, 415 F. 2d 874, cert. denied 1970, 396 U.S. 1061, 90 S.Ct. 753, 24 L.Ed.2d 755 (citing Kemp v. Beasley, 8 Cir. 1965, 352 F.2d 14), and Horton v. Lawrence County Board of Education, 5 Cir. 1971, 449 F.2d 793.

■ Since the appellants have failed to cite any special circumstances, the district court upon the entry of a final order in this case, is directed to grant appellees' request for reasonable attorneys' fees incurred since July 1, 1972. The district court shall also grant a hearing to determine whether or not the appellants' actions in this lawsuit were carried out in an "unreasonable

---

1. Our holding in Johnson is cited with approval by the Supreme Court in its per curiam decision of June 4, 1973, in No. 72–1164, Northcross v. Memphis Board of Education, 412 U.S. 427, 93 S.Ct. 2201, 37 L.Ed.2d 48.

and obdurately obstinate" manner in the years preceding July 1, 1972, so as to entitle appellees to be awarded reasonable attorneys' fees for services before that date.

Affirmed and remanded.