Willie McLAURIN et al., Plaintiffs,

v.

COLUMBIA MUNICIPAL SEPARATE SCHOOL DISTRICT et al., Defendants.

Civ. A. No. 2435.

United States District Court, S. D. Mississippi, Hattiesburg Division.

Oct. 12, 1976.

Nausead Stewart, Jackson, Miss., for plaintiffs.

Maurice Dantin, Columbia, Miss., for defendants.

## OPINION

DAN M. RUSSELL, Jr., Chief Judge.

This matter is before this Court for a final judgment on the matter of teacher back pay and plaintiffs' attorney fees.

Without rehashing the history of this lengthy litigation, it is sufficient to say that the Fifth Circuit Court of Appeals, on April 11, 1973 remanded this action with directions to require the defendant Columbia Municipal Separate School District to offer employment contracts to four black teachers,[1] effectively reinstating them in the positions which they occupied prior to their dismissals at the end of the 1969–70 school year or equivalent positions; and for the District Court to enter judgment in favor of each such teacher for back pay in the amount of compensation lost by each as a result of the defendant school district's unlawful refusal to renew their contracts for the 1970–71 school year, less the amounts which each had earned, if any, during the interim period, and for the District Court to make findings of fact and conclusions of law concerning the right of the plaintiffs to an award of attorney fees for services rendered to them in the District and Appellate Courts.

In an opinion dated September 3, 1974, this Court found that the defendant school board had offered these teachers reemployment for the 1973–74 school year. By an earlier motion, three of these teachers sought back pay, plus any increments which would have accrued, and interest, and by a separate motion sought attorney fees under any of three alternative theories. In its opinion of September 3, 1974, besides finding that the required reinstatement had been offered, the Court found that two, Willie McLaurin, and Joe Reddix, declined, McLaurin because of ill health, and Reddix in favor of a higher paid position in another school system; that Shirley Johnson accepted re-employment; and that Alberta Collins agreed to take the position of teacher of occupational orientation in place of her former job as a home economics teacher, subject to a ruling from this Court as to whether the newly offered job was equivalent to that previously held. The Court also made findings as to the amounts of back pay that should be awarded to Willie McLaurin,

1. This Court had previously directed the defendant school board to offer re-employment to a fifth teacher, Rose Johnson, who subsequently accepted employment in another school at a higher rate of pay for the 1970–71 school year.

Shirley Johnson and Alberta Collins, dependent on further briefing as to whether this school district was liable for back pay in view of the then recent decision in *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662, reaffirming the immunity of states from money judgments. Nevertheless on the facts then before it, the Court found, as recited in its opinion, that Willie McLaurin was due the sum of $2,100.00; Shirley Johnson the sum of $8,709.18; and Alberta Collins the sum of $23,931.56. Evidence before the Court reflected that Mrs. Rose Johnson, referred to in footnote no. 1, was employed in the Columbia Training School for the year 1970–71 at a higher salary than that offered by defendant, and that she was due no back pay. Similarly Joe Reddix received other employment at a higher rate of pay and failed to offer proof on a claim for moving expenses. This Court made its findings and conclusions with respect to plaintiffs' attorney fees, finding that they could properly be considered under plaintiffs' alternative theory that such fees are allowable under the Emergency School Aid Act of 1972. The Court also held that plaintiffs Collins, McLaurin and Shirley Johnson should be credited with the total amounts of retirement benefits they would have received but for the non-renewal of their contracts. Because the defendant school board had offered re-employment to Rose Johnson, as well as to McLaurin, Reddix, Collins and Shirley Johnson, in compliance with the Appellate Court's direction, this Court found in its opinion of September 3, 1974, that the school board owed no further duty regarding reinstatement. Unknown to the Court at that time was the fact that Alberta Collins changed her mind and, on the advice of counsel, refused to teach her assigned classes in occupational orientation offered to her as an equivalent to her former assignment of teaching home economics, and appealed this Court's decision, claiming that the two teaching positions were not equivalent.

On December 3, 1974, plaintiffs requested that the Court hold in abeyance its direction that the parties brief the issue of back pay and attorney fees until the Fifth Circuit Court of Appeals handed down its ruling in other cases involving the same issues.

At a pre-trial conference on March 17, 1976, the parties were directed to submit briefs on the issue of attorney fees. An order was entered, dated March 23, 1976, directing that no further action be taken herein pending a decision by the Fifth Circuit Court of Appeals on Mrs. Collins' appeal, following which briefs were to be submitted on all questions then pending before the Court. On May 19, 1976, when the time for all motions had expired, plaintiffs filed another motion for awards of back pay, claiming $23,931.56 for Alberta Collins, $8,709.18 for Shirley Johnson, $8,775.00 for Willie McLaurin, despite this Court's previous factual finding that he was due $2,100.00; and $500.00 as moving expenses for Joe Reddix, despite this Court's previous ruling that he had failed to offer proof of same. On May 21, 1976, plaintiffs filed a supplement to their motion for an award of back pay, consisting of interrogatories and answers dated in March 1974, previous to this Court's findings set out in its opinion of September 3, 1974, and the affidavit of Reuben Anderson claiming attorney fees in the sum of $520.00, increased from his original request of $390.00; Nausead Stewart for an attorney's fee in the sum of $17,654.00, increased from her original request of $8,356.50, and $4,176.24 office expenses, increased from $1,320.78. Mr. Melvin Levanthal, a former member of the firm of Anderson, Banks, Nichols & Stewart, had previously requested a fee of $7,339.50 as of March 1974. On May 26, 1976, five days later, plaintiffs filed an amended motion for awards of back pay as follows: Alberta Collins, $33,868.00; Willie McLaurin $17,807.00; and Shirley Johnson, $17,432.00. These amounts include interest computed monthly. Attached to the motion is an affidavit by Willie McLaurin that he earned other income during the years 1970–71 and 1971–72, totaling $5,975.00. This Court had previously found that he was physically unable to work in 1970–71 by his own admission. In answer to his own attorney's ques-

tionnaire, he was physically unable to work for the school year 1972–73, taking a total disability under Social Security in January 1973. His total earnings during the school year 1971–72, according to his affidavit, was $2,275.00, when he would have earned $8,075.00 in the defendant school system. Although the Court does not find that it was incumbent on the school board to continue to offer him a position after 1970–71, the Court nevertheless corrects its former finding of back pay due McLaurin to $5,800.00, being the difference between what his salary would have been in 1971–72, and his other earnings during that year. On the same day, May 26, 1976, plaintiffs increased their claim for Mr. Leventhal's legal services from the amount of $7,339.50, claimed five days earlier, to $8,250.00.

■ Meanwhile, on April 22, 1976, a panel of the Fifth Circuit Court of Appeals affirmed this Court's finding on September 3, 1974, that the school board's offer to Mrs. Collins of a teaching position in occupational orientation was equivalent to her former position of teaching home economics. Since she had during the interim decided not to take the offered job, the Appellate Court held that the school board still had an obligation to reinstate her in her former position or *its equivalent*. Inasmuch as this Court had found that the school board complied with its duty in offering her an equivalent job, and, as the Appellate Court found she ultimately declined to teach occupational orientation pending a resolution of the equivalence issue, she is due no back pay for any period following the offer of re-employment on January 28, 1974 which the Court in its earlier opinion had found to be in the sum of $23,931.56.

### Back Pay

By way of recapitulation, the Court now finds that back pay is due as follows:

Willie McLaurin for the year 1971–72—$5,800.00.

Shirley Johnson for the years 1971–72, 1972–73, 1973 to January 28, 1974—$8,709.18.

Alberta Collins for the years 1970–71, 1971–72, 1972–73 and 1973 to January 28, 1974—$23,931.56.

■ As these awards are discretionary with the Court under the theory of equitable restitution, the Court declines to award interest in the manner claimed by plaintiffs in their most recent amendments, one reason being that they do not take into consideration the periods in which these claimants were earning other income, and, in Mrs. Collins' case, during the three and one-half years when she should have been exerting a good faith effort to find other employment.

■ In addition to the foregoing awards of back pay, the Court, as it did in its opinion of September 3, 1974, iterates that plaintiffs Collins, McLaurin, and Shirley Johnson should be credited with the total amount of retirement benefits they would have received but for their non-renewals in the 1970–71 school year.

### Attorney Fees

In the remand of this case, 5 Cir., 478 F.2d 348, the Appellate Court held that this Court should consider the appropriateness of awarding attorney fees either through a quasi-application of the "common fund" doctrine adopted in *Brewer v. Norfolk School Board*, 4 Cir., 456 F.2d 943, cert. den. 406 U.S. 933, 92 S.Ct. 1778, 32 L.Ed.2d 136, or under a finding that the defendant school board was "unreasonable or obdurately obstinate", in its initial refusal to offer employment to the plaintiffs. Plaintiffs based their claim for attorney fees under these two theories, as well as a third, the Emergency School Aid Act of 1972, which provides for attorney fees from federal funds as a part of the costs of desegregation. The Court, in its opinion of September 3, 1974, declined to award fees under the "common fund" doctrine because the suit was filed on behalf of five individual plaintiffs, solely on behalf of their individual claims. The Court also declined to find that the school board had been "unreasonable and obstinately obdurate", in that in the defense to this suit the board claimed that it was justified in not re-hiring plain-

tiffs on a showing of good cause, a defense which this Court and a dissenting member of the Appellate Court found valid. Following the remand, the school board promptly offered re-employment to those not already re-hired, and all litigation since has been incurred on behalf of Mrs. Collins in her fruitless appeal, or delayed at plaintiffs' request, awaiting a definitive ruling from the Appellate Court on the awarding of attorney fees.

■ The Court did find in its earlier opinion that fees should be awarded by virtue of the Emergency School Aid Act of 1972, upon a finding that the proceedings were necessary to bring about compliance with Title VI of the Civil Rights Act of 1964. Although this suit was not one concerning desegregation of students, under the holding of the Appellate Court, plaintiffs were entitled to relief by virtue of the Singleton decree. *Singleton v. Jackson Municipal Separate School District*, 5 Cir., 419 F.2d 1211, cert. den. 396 U.S. 1032, 90 S.Ct. 612, 24 L.Ed.2d 530. Accordingly, and by way of the awaited decision for the Appellate Court, *Ward v. Kelley*, 5 Cir., 515 F.2d 908, which held that the Emergency School Aid Act of 1972 applies to Singleton teacher reinstatement cases, this Court finds that attorney's fees are appropriate to the prevailing party if paid from that fund. Under the more recent decision in *Alyeska Pipeline Service Co. v. Wilderness Society et al.*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 re-affirming the "American Rule" relevant to attorney fees, this Court finds it highly doubtful that attorney fees would otherwise be properly allowable. See *Hander v. San Jacinto Junior College*, 5 Cir., 519 F.2d 273.

The claim for attorney fees now totals the sum of $26,424.00 for three attorneys from the same firm, one of whom has departed the firm while this litigation has been pending, and office expenses in the sum of $4,176.24. This firm has from its inception specialized in civil rights cases against the State of Mississippi, its agencies, officials and school districts. Originally and for some years, it has looked to the various funding agencies and the courts for its fees and expenses, rather than to plaintiffs, individually or as classes. Although this firm apparently now engages in private practice in competition with other law firms in its community, it has given this Court no clue as to whether it functions under the "American Rule", re-affirmed in *Alyeska*, supra, or still looks to the courts for its fees, despite this Court's specific query on this point. Be that as it may, this Court has not taken into consideration funding from third parties to this firm pertaining to civil rights' litigation, or whether or not the firm contracted with its clients for a fixed or contingent fee, in arriving at a reasonable sum for its services. The Court is bound to apply the criteria enunciated in *Johnson v. Georgia Highway Express, Inc.*, 5 Cir., 488 F.2d 714.

■ Certainly plaintiffs may be considered as the prevailing party in that all five plaintiffs successfully won the right to reinstatement by virtue of the original opinion in this Court directing the reinstatement of one teacher and the mandate of the Appellate Court in directing the reinstatement of the remaining four, and appropriate back pay. In the litigation following the mandate on April 11, 1973, and following the determination of back pay awards in this Court's opinion of September 3, 1974, plaintiffs have not prevailed. A delay in assessing these awards and a reasonable attorney's fee was requested by plaintiffs. The Court does not doubt the accuracy of the number of hours for legal services claims, but must adjust them downward in view of the degree of success achieved, or lack of same, and the assistance of amicus curiae counsel from the National Education Association, the National Association for the Advancement of Colored People, and the Department of Justice at the appellate court level. The Court readily acknowledges the professional ability of the members of this firm in civil rights litigation and that their hourly fees are such as prevail in the community for attorneys with their degree of experience. The Court notes that by far the major portion of the

legal work performed, including the sole responsibility of the trial of this case, fell on Miss Stewart who, at the time of trial, was inexperienced. In view of these findings, and with full consideration of other criteria applicable to this case, the Court finds the sum of $10,000.00, a reasonable fee for all legal services performed. The Court does not find that this firm's office expenses should be included in any award.

Accordingly, this Court finds that plaintiffs are entitled to back pay in favor of the persons and in the amounts designated above, and to retirement benefits lost by reason of their non-hire up to the time they were reinstated, and to attorney fees in the amount found to be reasonable by the Court, providing such fees are available through the Emergency School Aid Act of 1972.

An appropriate order or orders may be submitted with court costs taxed to defendants, except for such costs as were incurred in the appeal on behalf of Alberta Collins, which were taxed by the Clerk of the Appellate Court to the plaintiffs.